**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4959**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ROBERT EDWARD SILLS, a/k/a Bobby,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-03-148)

———————

Submitted:  July 15, 2005          Decided:  August 3, 2005

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Jesse Edgar Demps, Portsmouth, Virginia, for Appellant.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Edward Sills appeals his sentence of 235 months' imprisonment for a conviction following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (2000). Sills' attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has reviewed the record and has not found any meritorious grounds for appeal. In his Anders brief, Sills' counsel raised one issue related to the calculation of Sills' sentence: that the court violated Sills' due process rights in calculating his sentence based upon a large quantity of drugs improperly attributed to him. Although informed of his right to do so, Sills has not filed a pro se supplemental brief.

In accordance with the requirements of Anders, we have reviewed the entire record in this case, and we have found a meritorious ground for appeal: that Sills' sentence violated the rule announced in United States v. Booker, 125 S. Ct. 738 (2005). In United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005), we held that when a sentence calculated under the Sentencing Guidelines exceeds the maximum sentence authorized by facts found by the jury alone or admitted by the defendant, the defendant could demonstrate plain error that warranted resentencing under Booker. Because it is undisputed that the district court made factual

determinations beyond facts Sills admitted that increased his sentence, we find plain error occurred and that Sills is entitled to resentencing.[1]  Accordingly, we affirm Sills' conviction but vacate his sentence and remand for resentencing "consistent with the remedial scheme set forth in Justice Breyer's opinion for the Court in <u>Booker</u>."[2]  <u>Id.</u> at 544.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u><br><u>VACATED AND REMANDED IN PART</u>

---

[1]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "we of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Sills' sentencing.

[2]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2)(2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range . . . and reasonable." <u>Id.</u> at 546-47.

- 3 -